Merlin BJERK, Appellee,

v.

UNIVERSAL ENGINEERING CORPO-
RATION, a subsidiary of Pettibone
Mulliken Corporation, Appellee,

v.

THORSON, INC., Appellant.

Nos. 76–1326, 76–1371.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1977.

Decided April 14, 1977.

G. Alan Cunningham, William Flaskamp, Minneapolis, Minn., for Universal.

James F. Roegge, O. C. Adamson II, and William Flaskamp, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for Bjerk.

Gunder Gunhus, Cahill, Gunhus, Streed, Grinnell, Jeffries & Klinger, Moorhead, Minn., for Thorson, Inc.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and HANSON, Chief District Judge.*

* WILLIAM C. HANSON, Chief Judge, United States District Court, Southern District of Iowa, sitting by designation.

BRIGHT, Circuit Judge.

Merlin Bjerk, an employee of Thorson, Inc. (Thorson), while attempting to grease a bearing on a rock crushing machine manufactured by Universal Engineering Corporation (Universal), came in contact with the moving parts of the machine, which were partially protected by an exterior machine guard, and sustained serious bodily injuries. Bjerk then brought this action against defendant-appellant Universal to recover damages for these injuries, asserting claims resting upon strict liability, negligence, and statutory liability for failure to place guards on machinery. Universal in turn brought Thorson into the proceedings as a third-party defendant against whom Universal sought indemnity or contribution on grounds that the employer had failed to supervise and instruct Bjerk adequately in his duties and maintenance of the rock crusher.

The trial judge submitted the case to a jury on special interrogatories. The jury determined that appellant Universal was *not liable* on strict liability or statutory liability but found Universal, Thorson, and Bjerk liable for negligence, in varying degrees: Universal, 20 percent; Thorson, 65 percent; and Bjerk, 15 percent. The jury also determined Bjerk's damages to be $250,000. Based on this special verdict, the district court (Gerald W. Heaney, Circuit Judge, sitting as district judge by designation) directed entry of judgment in favor of Bjerk and against Universal for $212,500, plus interest and costs (reducing the jury award on a comparative basis of 15 percent because of Bjerk's own negligence) and granted Universal contribution against Thorson to the extent of $162,500 (65 percent of $250,000).

Universal and Thorson appeal separately and raise these issues:

*By Universal:*

1) That the jury findings favorable to Universal on strict liability mandate a judgment of dismissal as a matter of law.

2) That Bjerk's awareness of the danger constituted a defense to the action as a matter of law.

3) That Universal is entitled to indemnity against the Employer.

*By Thorson:*

4) That Minnesota law bars contribution by Universal against plaintiff's (Bjerk's) employer.

Applying Minnesota law in this diversity case, we remand to the district court for modification of the judgment to reflect a recent change in state law relative to the contribution issue.

## I. *Factual Background.*

Universal, of Cedar Rapids, Iowa, sold a Model Senior 880 rock crusher to Thorson, Inc. in 1961. Thorson utilized the rock crusher in the preparation of base surface materials for Minnesota highway construction. On July 23, 1969, Merlin Bjerk attempted to lubricate the rock crushing unit while the engine was operating at an idle speed. The unit in question includes a central shaft which is referred to as a "jackshaft." Power is transmitted from the engine through the jackshaft to "V" belts which operate the crusher and rollers. The bearing on the jackshaft requires periodical greasing through a zerk fitting (a button-type fitting) which receives grease applied from a grease gun. Bjerk apparently crawled under a metal panel screen (which served as an exterior guard to belts and pulleys) in order to grease this jackshaft. In some unknown way, Bjerk's head and body came in contact with the moving machinery and he sustained permanently disabling injuries. Plaintiff did not testify himself and no one actually saw the incident.

The plaintiff introduced evidence indicating that the bearing on the jackshaft had been running "hot" and required frequent lubrication. An instruction manual which had been shipped with the crusher contained the following advice:

The best time to lubricate is immediately after shutdown while the old grease is soft. CAUTION: DO NOT GREASE WHILE IN MOTION.

Some evidence indicated that the instruction manual was not available at the job site. Other Thorson employees often had greased the jackshaft while the machine was running at an idle speed. The testimony indicated that a moving bearing would receive lubricant more efficiently than a stationary bearing. Appellant's expert witness testified that good design would require additional localized guarding at a point where operating belts engage pulleys; that a zerk tube should have been extended from the bearing to a location at the exterior of the machine to permit lubrication outside the panel screen guard; and that the manufacturer should have placed appropriate warnings on the machine itself cautioning against performing lubrication maintenance upon a moving machine.

Following reception of the special verdict, the district court stayed the entry of judgment pending a Minnesota Supreme Court decision in a case involving contribution and indemnity issues, *Halvorson v. American Hoist & Derrick Co.,* 240 N.W.2d 303 (decided Jan. 23, 1976). However, the Minnesota Supreme Court did not reach the contribution-indemnity issues in that case. Thereafter, appellant-defendant Universal moved that the district court enter a judgment of dismissal in its favor. The district court rejected that motion and entered judgment upon the special verdict in favor of the plaintiff against Universal in the sum of $212,500, plus a further judgment for contribution in favor of Universal and against Thorson in the sum of $162,500.

## II. *Universal's Appeal.*

Universal points out that the court's instructions to the jury on issues of negligence and strict liability were substantially identical and that the elements of liability under either theory were the same. Universal argues that since the jury concluded that the crusher was not sold in a defective condition and because the jury further found that the crusher was in fact properly and adequately guarded, that therefore the plaintiff, Bjerk, failed to sustain his burden of proving a defect in the product under either the theory of strict liability or negli-

gence, and therefore, Bjerk cannot recover. Universal cites the *Halvorson* case, *supra,* as dispositive. We, therefore, turn to an analysis of that decision.

In *Halvorson,* the plaintiff, who was employed on a highway construction crew, sustained a severe electrical shock when a boom on a truck crane being operated by a fellow employee came in contact with a high voltage overhead power line. Halvorson sought to hold the manufacturer of the truck crane, American Hoist & Derrick Co., liable for damages on the basis that the crane lacked certain safety devices, notably (1) a sensor device which allegedly would have sounded a warning if the boom approached a power line, and (2) an insulated hook which allegedly would prevent an electric charge in the lift and cable from passing down the cable and into the load. At the same time, the manufacturer brought a third-party complaint for contribution or indemnity against Halvorson's employer. Those issues were submitted on special interrogatories to a jury. The jury determined that the truck crane *was not in a defective condition,* but that American Hoist *was negligent* in the "design, manufacture, and testing of the crane." The jury further determined that American Hoist's conduct contributed 25 percent to the accident and that the employer's conduct contributed 75 percent to the accident.

The Minnesota Supreme Court reversed, holding defendant-manufacturer American Hoist free of any liability to Halvorson. The Court said:

> Based on the above analysis, and under the facts in this case, the jury's findings of no strict liability but 25 percent negligence are inconsistent and irreconcilable.
>
> * * * * * *
>
> Normally such inconsistent findings would result in a remand for a new trial, but further analysis leads us to conclude that plaintiff could not recover as a matter of law on either the theory of strict liability or of negligence. [*Halvorson, supra* at 307–08.]

The Court determined further that American Hoist owed no duty to Halvorson in light of Halvorson's knowledge of obvious danger from electrical contact between the truck and crane and the power line:

> We hold that American Hoist did not owe this injured plaintiff any duty to install safety devices on its crane to guard against the risk of electrocution when the record demonstrated that risk was: (1) Obvious; (2) known by all of the employees involved; and (3) specifically warned against in American Hoist's operations manual. While no Minnesota case has expressly faced this issue in a negligence context, one of our cases did deny strict liability when plaintiff was aware of the defect. *Magnuson v. Rupp Mfg., Inc.,* 285 Minn. 32, 171 N.W.2d 201 (1969). The general rule in other jurisdictions is that there is no recovery for negligent design where the danger is obvious. [*Id.* at 308.]

█ The facts here can be distinguished from those in *Halvorson.* A jury was entitled to determine that the jackshaft bearing needed to be lubricated while the machine operated at an idle speed and, based on past experience of Bjerk and other employees of Thorson, lubrication could be performed safely while in an idle operation. Because under these facts the danger cannot be said to be obvious as a matter of law, the jury was entitled to find negligence on the part of Universal in failing to install certain interior safeguards to prevent an operator from becoming entangled in moving parts, belts, and pulleys while engaged in maintenance work, or in failing to design and install a grease-zerk extension running from the jackshaft bearing to the exterior of the machine or in failing to provide an adequate warning that no lubrication service should be attempted while the machine is in operation.

We hold, therefore, that the district court committed no error in denying Universal's post-trial motion for a judgment of dismissal or for amended finding of facts which would require a dismissal of Bjerk's claim.

In its brief, Universal urges that if it is not entitled to a judgment of dismissal or

amended findings, then it is entitled to a new trial, arguing:

> [A]t the very least, this Court is required to order a new trial on the liability issues. Although inconsistent answers to special interrogatories must be harmonized, if possible, if the answers are inconsistent with each other and irreconcilable as they are in this case, then * * * a new trial must be granted.

■ We note that appellant Universal has made no motion for a new trial based on the alleged inconsistency of the verdict. Because such claim was not made to the district court, we deem it inappropriate now to address this issue on appeal. Universal, if it desires to press this issue, may attempt to seek such relief before the district court.[1]

Universal, relying on language in *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 104 N.W.2d 843 (1960), contends it is entitled to full indemnity against Thorson, Inc., arguing that the employer breached a duty not only to its employee, Bjerk, but also to Universal to make sure that crusher operators receive proper instructions to shut down the machine before lubricating it. In *Hendrickson,* the Minnesota Supreme Court listed those instances in which a tort defendant has a right of indemnity against another:

> (1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.
>
> (2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.
>
> (3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.
>
> (4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to dis-

cover or prevent the misconduct of the one sought to be charged. [*Id.* at 848.]

■ The indemnity argument must fall in light of the jury finding that Universal, as the manufacturer, was 20 percent negligent in the first instance when it placed its rock crusher in the stream of commerce without certain kinds of safety devices and/or warning. The jury also found that Thorson, the employer, was causally negligent to the extent of 65 percent in failing to supervise plaintiff in the use of the rock crusher. These negligent acts are violations of independent duties by the defendant, Universal, and the third-party defendant-employer, Thorson, to the plaintiff. Violations of these independent duties do not fall within the indemnity rules enunciated in *Hendrickson. Lambertson v. Cincinnati Corp.*, Nos. 45790 and 45810 (Minn.S.Ct., Feb. 4, 1977).

## III. *Thorson's Appeal.*

At the time of trial and during post-trial consideration of motions in this case, the trial judge, Judge Heaney, recognized that Minnesota law relating to contribution between the negligent defendant and an employer of an injured plaintiff was in a state of flux.[2] As we have already noted, the district court and the parties anticipated that the Minnesota Supreme Court would clarify the status of the law in the then-ending *Halvorson* decision, but the Minnesota court did not reach the contribution-indemnity issue in *Halvorson.* In the trial court's memorandum decision, Judge Heaney wrote:

> After that decision [*Halvorson*] was filed, Universal Engineering Corporation moved this Court for an order entering judgment in favor of the Universal Engineering Corporation or, in the alternative, to change the jury's answers to certain interrogatories and to prepare findings of fact and conclusions of law and judgment

---

1. On remand, the district court will enter a modified judgment. The district court may then be called upon to determine whether Universal may move for a new trial under Fed.R.

Civ.P. 59(b), and, if so, may weigh the merits of such motion.

2. *See* discussion in *Guillard v. Niagara Machine & Tool Works,* 488 F.2d 20 (8th Cir. 1973).

to correspond with those changes. The Court denies that motion.

\* \* \* \* \* \*

It had been hoped that the Minnesota Supreme Court would decide whether indemnity or contribution would be available to a defendant in the position of Universal Engineering Corporation. As it turned out, the Court did not reach that question. While the issue is not free from doubt, this Court believes that if the Minnesota Supreme Court were faced with the situation presented here, i. e., where the manufacturer's negligence is minimal when compared to that of the employer, that it would disregard its earlier decisions and would require that there be contribution. It seems to this Court that this follows if the doctrine of comparative fault is to be permitted in cases of this type, and it seems rather clear that such is the case.

However, while this appeal was pending, the Minnesota Supreme Court reached and resolved the contribution-indemnity issues in *Lambertson v. Cincinnati Corp.*, Nos. 45790 and 45810 (filed Feb. 4, 1977). That court has determined that a plaintiff's negligent employer owes contribution to a third-party defendant in an amount proportional to the employer's negligence, but not to exceed the employer's total workmen's compensation liability to the plaintiff. The Minnesota Supreme Court made the following pronouncement:

> The equitable merit in [defendant] Cincinnati's claim is plain: It has been forced to bear the entire burden of plaintiff's recovery despite the fact that it was only 25-percent negligent and has a 60-percent-negligent employer joined in the action and available for contribution. In contrast, granting contribution would result in substantial employer participation in its employee's common-law recovery despite the exclusive-remedy clause. This problem is, in large part, a legislative one which demands a comprehensive solution in statutory form. \* \* \* The problem is discussed in Larson, *Workmen's Compensation: Third Party's Ac-*

*tion Over Against Employer,* 65 Nw.U.L. Rev. 351, 419[.]

\* \* \* \* \* \*

While the opinions of other jurisdictions must be read with caution on this issue because of different statutes and concepts of recovery in negligence cases, we have found direction in the approach taken by the Pennsylvania Supreme Court. That court has allowed contribution from the employer up to the amount of the workers' compensation benefits. *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940); *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959). See, also, *Stark v. Posh Construction Co.,* 192 Pa.Super. 409, 162 A.2d 9 (1960). This approach allows the third party to obtain limited contribution, but substantially preserves the employer's interest in not paying more than workers' compensation liability. While this approach may not allow full contribution recovery to the third party in all cases, it is the solution we consider most consistent with fairness and the various statutory schemes before us. If further reform is to be accomplished, it must be effected by legislative changes in workers'-compensation-third-party law.

> For the reasons expressed above, the judgment is reversed and the case is remanded with instructions to grant contribution against Hutchinson [employer] in an amount proportional to its percentage of negligence, but not to exceed its total workers' compensation liability to plaintiff. [Slip op. at 13–14.]

We are bound to apply this decision to the remedy of contribution afforded in this case. In accordance with the *Lambertson* decision, we remand this case to the district court with instructions to grant contribution against Thorson, Inc. in an amount proportional to its percentage of negligence, as has already been done, but to provide in the judgment that such contribution shall not exceed the total workmen's compensation liability of Thorson, Inc. to the plaintiff.

We affirm in part, reverse in part, and remand for further proceedings consistent

with this opinion. We authorize Thorson, Inc. to tax 50 percent of its costs on appeal.