Allen LESKEY, Respondent,

v.

HEATH ENGINEERING COMPANY,
Defendant and Third Party
Plaintiff, Appellant,

v.

ZALK–JOSEPHS COMPANY, Third
Party Defendant.

No. 49389.

Supreme Court of Minnesota.

May 9, 1980.

Johnson, Fredin, Killen, Thibodeau & Seiler and John J. Killen, Duluth, for appellant.

Rerat Law Firm, Charles A. Collins, and Russell A. Ingebritson, Minneapolis, for respondent.

YETKA, Justice.

Defendant Heath Engineering Company appeals from a judgment entered pursuant to an adverse jury verdict in a products liability action. The principal issues on appeal are whether jury findings that a product is not defective but that the manufacturer was negligent are inconsistent and whether the trial court erred in awarding plaintiff medical and hospital expenses. We conclude that the findings are not inconsistent under our holding in *Bigham v. J. C. Penney Co.*, 268 N.W.2d 892 (Minn. 1978), but that the award of medical and hospital expenses was improper. We, accordingly, affirm in part and reverse and remand in part.

Plaintiff Allen A. Leskey was employed by Zalk-Josephs Company as a burner cut-

ting metal plates. In performing his duties he operated a machine manufactured by defendant Heath. The machine consisted of an electric motor-driven tractor and casing mounted on metal wheels carrying a torch. In January 1972, Leskey began receiving shocks from the switch and casing of the machine. The shocks increased in frequency and severity but maintenance personnel for Zalk-Josephs could not locate a problem. On the day of the accident the machine blew a circuit breaker several times. Zalk-Josephs' maintenance man found a short in the power supply cord which he repaired by splicing in a new piece. Leskey started the machine and cut a piece of plate without mishap. He then picked up the machine to return it to its station. While holding the machine against his chest he received a severe shock and fell backward sustaining injuries which resulted in disability.

Shortly after the accident Zalk-Josephs personnel took the machine to Commercial Electric Company where it was inspected by Arthur Young, an electrician. Young found that the casing was "hot" until the face plate was removed. Attached to the face plate Young found a condenser with a burned spot and he noticed a corresponding spot on a nearby wheel housing. Young concluded that the condenser, due to its position and loose mounting, had moved around causing its insulation to wear thin and had thereafter come into contact with the casing making it "hot."

Dr. Moe, plaintiff's expert in electrical engineering, testified that the position and mounting of the condensor constituted a defect in layout and that the machine was dangerous. He further testified that if the condensor had been secured by plastic clips when it left the factory as asserted by Heath, the repair manual should have cautioned that the clips, which would appear unimportant to the ordinary users, should be replaced immediately if broken. The manual contained no such warning nor did the clips appear on the reorder parts list. Dr. Armington, defendant's expert, expressed the opinion that the shock was caused by a bare splice in the solenoid valve box. Both experts agreed that either problem with the machine could have caused the shock and that in order for any shock to have occurred, the white and black incoming wires had to have been reversed such that the current bypassed the machine's fuse, and there had to have been a break in the ground wire between the machine and the power supply. It was undisputed that Zalk-Josephs personnel had made various repairs on the machine including replacing the supply cord.

Plaintiff commenced this action against Heath alleging strict liability, negligence and breach of express and implied warranties. Heath denied these allegations, raised the defense of contributory negligence and impleaded Zalk-Josephs, claiming negligence. Plaintiff commenced a separate action against Harris Calorific Sales, the distributor of the machine, raising similar claims. The cases were consolidated. Before trial Harris entered a Pierringer-type settlement for $7,500. At the close of the evidence at trial, the case was submitted to the jury on the theories of strict liability and negligence as to Heath and Harris. The negligence of plaintiff and that of Zalk-Josephs were also submitted. The jury answered the strict liability interrogatories in the negative but found all four parties causally negligent. The jury apportioned the negligence as follows: Heath 35%; Harris 15%; Zalk-Josephs 45%; Leskey 5%. The jury found damages of $115,-000. The claim for medical expenses was stipulated to be $13,580.59. Following denial of Heath's post-trial motions the court ordered judgment for Leskey against Heath on both items of damages in the amounts of $92,000 and $10,864, the awards reduced by the proportion of fault attributable to Harris and Leskey. Judgment was also ordered for Heath on its contribution claim. Heath appealed from the judgment.

■ Heath's principal contention is that the jury's finding that the cutting machine was not defective is irreconcilably inconsistent with its finding that Heath was negligent. In *Bigham v. J. C. Penney Co.*, 268

N.W.2d 892, 896 (Minn.1978), we reasoned that "while the question of negligent design and manufacture may be subsumed in a jury's decision that a product is not defective, failure to warn of potential hazards from the use of a product is a separate issue." The pleadings, evidence, arguments and instructions in this case indicate that failure to warn was one of plaintiff's theories of liability. While we agree that the interrogatory answered by the jury should have been more broadly drafted to specifically include failure to warn, we believe that the jury, reasonably reading it in light of the evidence and instructions, must have interpreted the interrogatory as suggesting the types of acts it could consider rather than as stating an exclusive list. The claimed inconsistencies may be resolved to read that the cutting machine was not defective when it left the factory because the condensors were secured with plastic clips, but that Heath, knowing that with use and the repairs commonly made in an industrial setting the clips might break or be removed, was negligent in failing to warn of the hazard posed by an unsecured condensor. These findings are supported by the evidence as is the implicit finding that Heath was not insulated from liability for its negligence by an intervening cause.

Plaintiff concedes that he is not entitled to judgment for medical and hospital expenses paid by his employer. The question how these expenses should be apportioned between Heath and Zalk-Josephs, if at all, is not properly before us since the trial court did not rule on it. We, therefore, reverse that portion of the judgment and remand for further consideration.

Affirmed in part, reversed and remanded in part.