Charles **WILKEN** and LaVerle
**Wilken, Appellees,**

v.

**INTERNATIONAL HARVESTER CO., a
Delaware Corporation, Appellant.**

**TRAFFIC TRANSPORT ENGINEERING,
INC., a Michigan Corporation,**

v.

**CLARK TRANSPORT COMPANY, INC.,
a Foreign Corporation, Appellee.**

No. 82–1182.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1982.

Decided March 8, 1983.

Peterson, Gray, Sheahan & Healey, Ltd., Michael J. Healey, St. Paul, Minn., John F. Ebner, St. Paul, Minn., for appellees.

Lasley, Gaughan, Stich & Angell, P.A., Robert T. Stich, Minneapolis, Minn., for appellee Clark Transport Co., Inc.

Gray, Plant, Mooty, Mooty & Bennett, Richard A. Bowman, George W. Soule, Minneapolis, Minn., for appellant.

Before ROSS and FAGG, Circuit Judges, and SCHATZ,* District Judge.

ROSS, Circuit Judge.

Appellant International Harvester Company (IH) appeals from a judgment entered pursuant to an adverse jury verdict in a products liability action. The principal issues raised by IH on appeal are: 1) whether appellee, Charles Wilken, constitutes a "user" of the product within the meaning of

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

Section 402A of the Restatement (Second) of Torts; and 2) whether the district court erred in denying IH's claim for contractual indemnity or full contribution from Clark Transport Company. We conclude that it is unnecessary to reach the first issue and find no error in the district court's denial of full contribution or indemnity. We accordingly affirm the judgment of the trial court.

On August 24, 1972, plaintiff Charles Wilken, a truck driver for Clark Transport Company, Inc. (Clark), was loading vehicles onto an M–154–T transport trailer for transport to their destination at various dealerships. The M–154–T trailer is manufactured by Traffic Transport Engineering, Inc. (TTE) and is a double-deck trailer used to transport mixed loads of new cars and trucks. Medium weight trucks, such as the International Harvester Lodestar at issue in this case, could only be loaded on the upper deck in the center and rear of the trailer (fourth and fifth position). When a truck is backed into the fifth position on the trailer, the truck sits at a tilt calculated to be approximately 16½°. On the morning of the accident, Wilken, in rainy weather, backed an International Harvester Lodestar into the fifth position on the trailer. Wilken opened the door of the cab, left his hands on the steering wheel, moved at least one foot to the running board of the truck, and then fell backwards to the ground.

Wilken brought suit against both the manufacturer of the truck, IH, and TTE, the trailer manufacturer. The defendants filed a third-party complaint against Clark, Wilken's employer, for contribution and indemnity. On the third day of trial, TTE entered into a release and settlement with Wilken. The jury returned a special verdict finding:

(1) International Harvester Company was negligent in its design of its Lodestar truck; (2) such negligence was a direct cause of the accident and resulting injury to Charles Wilken; (3) the Lodestar truck was in a condition unreasonably dangerous to the ordinary user; (4) such condition was a direct cause of the accident and resulting injury to Charles Wilken;

(5) Traffic Transport Engineering, Inc. was not negligent in its design of trailer No. M154T; (6) Traffic Transport Engineering, Inc. was negligent in failing to provide adequate warnings and instructions with respect to what kind and size of cargo the M154T was designed to carry; (7) such negligence was a direct cause of the accident and resulting injury to Charles Wilken; (8) the M154T was not in a condition unreasonably dangerous to the ordinary user; (9) Clark Transport Company, Inc. was negligent in its handling of the Lodestar truck; (10) such negligence was a direct cause of the accident and resulting injury to Charles Wilken; (11) Charles Wilken was not negligent under the circumstances of the occurrence of August 24, 1972; (12) 75% of the fault that caused Charles Wilken's injuries is attributable to International Harvester Company, 5% of such fault to Traffic Transport Engineering, Inc., and 20% of such fault to Clark Transport Company, Inc.; (13) $1,250,000 will fairly compensate Charles Wilken for his damages resulting from the accident of August 24, 1972; and (14) $250,000 will fairly compensate LaVerle Wilken for her damages resulting from the accident of August 24, 1972.

At trial, Wilken's expert testimony centered on the surface of the truck's running board and the presence or absence of a handhold on the vehicle. Plaintiff's theory of the case was that the truck was defective when parked in the fifth position on the trailer because skid resistant material had not been applied to the running board and a grab handle had not been installed as standard equipment. Thus, the threshold issue at trial was whether IH had a duty to design the Lodestar to protect those transporters who worked with the truck. Judge Alsop phrased the issue as, "do you have to design a truck for the guy who is going to mount and dismount the fifth position on the trailer?" Judge Alsop noted this was a close question but ruled for the plaintiff and submitted the case to the jury on the theories of strict liability and negligence.

Appellant IH argues that the district court erroneously held it to a duty of designing its products to guard against risks unique to persons engaged in transporting its products to market. IH submits that this is error because a transporter is not an ultimate user of the product as is required under Section 402A of the Restatement (Second) of Torts. Appellee Wilken argues that he is a known and required user of the product and, as such, falls within the ambit of section 402A.

We find that it is unnecessary to determine Wilken's status under section 402A. In the special verdict, the jury found that IH was negligent in its design of the Lodestar truck and that such negligence directly caused Wilken's accident and subsequent injuries. Negligence limits duty by foreseeability. The testimony at trial established that IH knew that its products were being loaded in such a manner; thus, there was sufficient evidence to support the judge's determination that IH owed a duty to a foreseeable user such as Wilken. The jury also found that IH was liable under section 402A because the Lodestar truck was in a condition unreasonably dangerous to the ordinary user. Under Minnesota law, even if Wilken had been unsuccessful on the strict liability claim, the verdict against IH would have been sustained based on the jury's finding of negligence. See *Leskey v. Heath Engineering Co.,* 293 N.W.2d 39, 40–41 (Minn.1980); *Bigham v. J.C. Penney Co.,* 268 N.W.2d 892, 897 (Minn. 1978).

Appellant also contends that the district court erred in denying IH's claim for contractual indemnity or full contribution from Clark Transport Company. IH alleges that *Hendrickson v. Minnesota Power & Light Co.,* 258 Minn. 368, 104 N.W.2d 843, 848 (Minn.1960) applies in this case and clearly establishes the right of IH to indemnity from Clark Transport Company. The district court held that because IH was found to have been at fault and was exposed to liability because of its own actions in designing and manufacturing the Lodestar truck, contractual indemnity is not permitted under *Hendrickson.* We agree. Violations of independent duties do not fall within the indemnity rules enunciated in *Hendrickson. Bjerk v. Universal Engineering Corp.,* 552 F.2d 1314 (8th Cir.1977).

Appellant further contends that it should be allowed full contribution from Clark Transport Company. We disagree. The Minnesota Supreme Court announced in *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679, 689 (Minn.1977), that a plaintiff's negligent employer owes contribution to a third-party defendant in an amount proportional to the employer's negligence, but not to exceed the employer's total workmen's compensation liability to the plaintiff. In this case, IH is entitled to receive credit for the total amount of Clark's workmen's compensation liability to Wilken and nothing more. To allow IH full contribution from Clark Transport would be an impermissible extension of Minnesota law under the *Lambertson* rule. Therefore, the district court did not err in denying full contribution to IH.

For the foregoing reasons we affirm the judgment of the district court.