## Stark *v.* Posh Construction Company (et al., Appellant).

410

Argued March 24, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*David B. Skillman,* with him *Frank R. Ambler,* for appellant.

*A. Albert Gross,* with him *Gross & Herster,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

The injured person involved in this matter has been paid. The question is whether the workmen's compensation insurance carrier for his employer is to bear a part of the payment or whether it is to be borne solely by the liability insurance carrier of a third party whose negligence, along with that of the employer, caused the injury.

Robert Stark, an employe of Posh Construction Company, suffered a compensable injury when the crane on which he was working struck an electric wire. He was so seriously burned that he became totally, and presumably permanently, disabled. Through its insurance carrier, Posh entered into a compensation agreement under which Stark was paid compensation for total disability.

The claimant also brought an action in trespass against Lehigh Foundries, Inc. et al., to recover damages for his injuries, and his employer was brought into that case as an additional defendant by Lehigh. The final judgment in that case was against Lehigh Foundries, Inc. and Posh Construction Company in the amount of $111,123.42. (See *Stark v. Lehigh Foundries, Inc.,* 388 Pa. 1, 130 A. 2d 123 (1957)).

Between the time of the accident and the affirmance by the Supreme Court of the judgment in the trespass action, Posh, through its insurance carrier, had paid Stark $7,518.65 under the workmen's compensation agreement.[1] Lehigh, through its carrier, then paid

---

[1] The workmen's compensation insurance carrier of Posh Construction Company is the United States Fidelity & Guaranty Company and the liability insurance carrier of the Lehigh Foundries, Inc., is the Pennsylvania Manufacturers' Association Casualty Insurance Company. Rather than inject the two additional entities with long names into the body of the opinion we have referred to them as "Posh's carrier" and "Lehigh's carrier."

Stark $103,604.77, or the difference between the judgment and the sum paid for workmen's compensation, and took an assignment of the judgment.

Posh, through its carrier, then moved the Workmen's Compensation Board to terminate the compensation agreement on the ground that the claimant's recovery from Lehigh precluded any further payments. Posh claims that under section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §671, it is subrogated to the rights of the employe against Lehigh to the extent of the compensation paid and payable by it to Stark. Although the issue here is whether Posh is relieved of all future payments of compensation, Posh suggests that it could recover from Lehigh the compensation it already paid, less reasonable attorney fees for the recovery in *Stark v. Lehigh*. It has made no claim from Lehigh for the return of the compensation which it paid, because it considers the reasonable attorneys fees which it owes to approximate the compensation it paid.

Lehigh's carrier petitioned the board to be made a party to the compensation case, and claimed the right to all future installments of compensation due under the agreement, on the ground that it was subrogated to the claimant's rights to future installments by virtue of its payment of the judgment, which Stark had assigned to it.

The referee permitted Lehigh's carrier to intervene, dismissed the petition of Posh's carrier to terminate, and directed Posh's carrier to continue the compensation payments to the claimant, who was directed to endorse them to Lehigh's carrier. Upon appeal by Posh's carrier, the board affirmed the decision of the referee, but amended the order to have the payments made directly to Lehigh's carrier. Upon appeal by Posh's carrier to the Court of Common Pleas of North-

ampton County, that court affirmed the board. Posh's carrier then appealed to this Court.

Posh contends it is relieved from *all* its liability to the claimant. It denies liability for workmen's compensation; it denies liability for its negligence. If there were no workmen's compensation law, it would be liable for $55,551.71, or half of the judgment in the trespass action; if there were no trespass action it would be liable for a maximum of $20,000 compensation. There being both, it says it is liable for nothing. This conclusion is absurd and unreasonable. The legislature does not intend such result. See Statutory Construction Act of May 28, 1937, P. L. 1019, §52(1), 46 P.S. §552(1).

The appellant admits that equity dictates that it should contribute, but contends the Workmen's Compensation Act supersedes the application of equitable principles.

The appellant rests its case upon section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §671 which reads in part as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe . . ." The appellant argues that under this section it is subrogated to the right of its employe against Lehigh whether or not it was jointly negligent with Lehigh.

The appellant takes too narrow a view of the law. The Workmen's Compensation Act can not be read alone to the exclusion of all other law. The Uniform

Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 P.S. §2082 et seq., which repealed and replaced the Act of June 24, 1939, P. L. 1075, 12 P.S. §2081, relating to contribution among tortfeasors, must be read along with the Workmen's Compensation Act. *Brown v. Dickey,* 397 Pa. 454, 155 A. 2d 836, 839 (1959).

When we do this it is evident that the court below was correct in affirming the board. We need not base our conclusion on our own examination and interpretation of these statutes as the Supreme Court has clearly set forth the principles to be followed.

In *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105 (1940), the Court held that a judgment entered in a common law trespass action against the plaintiff's employer and others was valid, and that although the plaintiff could not collect under the judgment from her employer (and from the others only the amount of the judgment less the amount of workmen's compensation) the defendants paying the judgment are entitled to be subrogated to the plaintiff's rights under the workmen's compensation agreement. (p. 190).

In *Shaull v. A. S. Beck New York Shoe Co., Inc.,* 369 Pa. 112, 116, 85 A. 2d 698 (1952) Mr. Justice HORACE STERN (later Chief Justice) said, "although the plaintiff (in a trespass action) would not be able to enforce any judgment recovered against (his employer, the other defendant) might be able to establish against (the employer) a right of contribution."

In the recent case of *Brown v. Dickey,* supra, 397 Pa. 454, 155 A. 2d 837 (1959), Mr. Justice COHEN left no doubt that the right of contribution by a third party extends to the amount of workmen's compensation liability.

The law has been clear for the past twenty years that Posh is liable to Lehigh to the extent of its lia-

bility to Stark under the Workmen's Compensation Act. The rule is no different because of the procedure followed in this case.

Counsel for the appellant makes a nostalgic plea to abandon the holding of *Maio v. Fahs,* supra, and return to the law as it existed prior to the passage of the Contribution Among Tortfeasors Act of 1939, supra. The appellant suggests "The Superior Court, of course, cannot reverse the Supreme Court's decision that an employer can be made an additional defendant in a trespass case instituted by an injured employee. But the Superior Court's opinion *would have the same practical effect,* and thereby restore the integrity of the Compensation Act, if the Superior Court would rule favorably on the appeal presented in this case." (Emphasis supplied.) Actually, to decide for the appellant in this case would in "effect" reverse the Supreme Court's decisions.

This we could not do if we would like to, and would not do even if we could. The decisions of that Court on the right of contribution are based upon considerations of equity and good conscience. *Maio v. Fahs,* supra, p. 191; *Brown v. Dickey,* supra; *Meehan v. Philadelphia,* 184 Pa. Superior Ct. 659, 665, 136 A. 2d 178 (1957). They are based upon a sensible interpretation of the will of the legislature ascertained by reading the two above statutes together.

The principles are reasonable and give symmetry to the law as an examination of them will disclose. Prior to the workmen's compensation statute an employer was liable only for his negligence, and he had several defenses to common law actions brought by his employes. That statute created new liabilities upon the employer who was given in return a definite, fixed, limited liability set forth in the Workmen's Compensation Act. He was thereby freed from the indefinite,

practically unlimited liability which could be imposed by a common law trespass action were he negligent.

Justice required a further consideration: What was to happen if the employe was injured by the negligent act of a third party? The third party should not be relieved of its liability for its negligence; the injured person should not recover double for the same damage; the employer should not be financially damaged by being compelled to pay compensation to his employe made necessary by the negligence of the third party. Therefore, the Workmen's Compensation Act provided from its beginning that an employer should be entitled to subrogation to the extent of his compensation payments, which, of course, is the same amount that the injured employe should not be entitled to receive because it would be double payment, and that the third party should be required to pay because his negligence caused the injury.

But, if the employer is equally guilty of negligence with one or more other persons, equity and common sense dictate that he should not be relieved of *all* liability. He was an employer and he was negligent. He should not be free from both that which was imposed upon him for his negligence *and* that which was imposed upon him as an employer. Because he is required by the Workmen's Compensation Act to pay his employe regardless of his defenses, he is limited in his liability for his negligence. This limit establishes a certainty which has some general economic value, and is in keeping with the theory of workmen's compensation.

The minority in *Brown v. Dickey,* supra, suggests that a negligent employer brought into a trespass action as an additional defendant should be required by the legislature to bear his full share of contribution, which for the appellant in this case would be more than double the maximum he will be required to pay. Although

there may be a difference of opinion among the Justices of the Supreme Court as to whether an employer should be required to contribute his full share of a judgment against him and another, there seems to be unanimity that he should be required to contribute his share to the extent of his normal workmen's compensation liabilities.

The appellant objects to the order of the board that future compensation payments be made directly to Lehigh's carrier rather than through the claimant. It questions the authority of the board to make such order. It also questions the wisdom of making the order because of the difficulty which the workmen's compensation carrier might have in discovering any decrease of disability or the death of the claimant. On the other hand, the liability insurance carrier would experience difficulties in obtaining periodic checks from the claimant, and the receipt and forwarding of the checks each week would be an unnecessary annoyance to the claimant. The law must decide between the two methods and the one chosen by the board seems to be the more reasonable and practical.

The appeal was taken in this case from an order without the entry of a judgment in the court below. No objection was made to this procedure. However, when the record is returned to the court below, it should enter a judgment to carry out its decision, which we hold should be affirmed.