**Dennis ADAMIK**

v.

**PULLMAN STANDARD**

v.

**UNITED STATES FIDELITY AND GUARANTEE COMPANY, C. T. Dumbaugh Co. and Adams Steel Erection Inc.**

Civ. A. No. 76–1347.

United States District Court,
W. D. Pennsylvania.

Nov. 4, 1977.

Jerome Mansmann, Pittsburgh, Pa., for plaintiff.

Arthur J. Schwab, Pittsburgh, Pa., for defendant.

Giles J. Gaca, William C. Walker, Pittsburgh, Pa., for third party defendant.

## MEMORANDUM GRANTING MOTION OF THIRD PARTY DEFENDANT ADAMS STEEL ERECTION INC. FOR JUDGMENT ON THE PLEADINGS

KNOX, District Judge.

In this diversity action for personal injuries Dennis Adamik sued the original defendant Pullman Standard, a division of Pullman Incorporated as defendant for personal injuries sustained on October 8, 1975 at the Butler, Pennsylvania plant of Pullman. Plaintiff at the time was an employee of Adams Steel Erection Inc. third party defendant and movant herein (Adams Steel) who had been engaged by C. T. Dumbaugh Company another third party defendant who, as general contractor, was doing certain work on the walls and roof of a building located on the Pullman premises.

It appears that the injury occurred when plaintiff, the employee of Adams, was installing certain sheeting materials and insulation on the roof of the building. He was carrying a twelve-foot long Z-bar (a spacer) when it came in contact with an electrical line running above the roof of the paint shop. Plaintiff claims that his injuries were the result of Pullman's negligence as landowner and owner of the electrical line. Pullman Standard thereupon brought upon the record as third party defendants plaintiff's employer Adams Steel and C. T. Dumbaugh the general contractor claiming indemnity and contribution from them.

Adams Steel as the employer of Adamik has moved for judgment on the pleadings claiming that the action is barred by the amendments to the Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782, 77 Purdon's Pa. Statutes 481(b) and that under the Amendment as provided in 481(b) it is no longer possible to join the employer as a third party or additional defendant in an action brought by an employee against a third party for his injuries.

There appears to be no question that plaintiff has received workmen's compensation benefits for his injuries which were sustained October 8, 1975, from his employer Adams and its insurer. Adams Steel therefore has a right of subrogation to recover on account of benefits from monies which plaintiff may receive from a third party in this case Pullman.

Defendant Pullman resists a motion for judgment on the pleadings on the grounds that section 481(b) is unconstitutional and is violative of Article I, Section 11 of the Pennsylvania Constitution and also is a denial of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

Pullman also claims that under Section 481(b) the employer joinder is not barred because in this case it did not cause the injury to the employee and its liability is only that of a landowner for negligence committed by the employer. Pullman further claims that Section 481(b) does not bar a credit to Pullman for Workmen's Compensation Benefits due the employee (Adamik) from his employer (Adams Steel).

The 1974 Amendment to the relevant section of the Pennsylvania Workmen's Compensation Act provides (77 P.S. 481(b)):

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a writ-

ten contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. As amended 1974, Dec. 5, P.L. 782, No. 263 § 6, eff. in 60 days."

■ With respect to the equal protection argument the court holds that there is no violation of the Fourteenth Amendment resulting in denial of equal protection of the laws to Pullman.

The Supreme Court of Pennsylvania has recently passed upon the constitutionality of Pennsylvania's no fault legislation in *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975) where plaintiff complained that the Pennsylvania No Fault Act unlawfully discriminated between certain types of plaintiffs in tort actions. With respect to the equal protection argument, the court had this to say:

> "Except where an invidious discrimination against a suspected class is at issue or a fundamental right burdened, 'a legislative classification must be sustained unless it is "patently arbitrary" and bears no rational relationship to a legitimate governmental interest.' *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973)."

This statement by the Pennsylvania Court is of course a proper statement of tests to be applied to determine whether there has been a denial of equal protection and we find that there has not. The chief question is whether there is any invidious discrimination here or whether the legislation is rationally related to the legitimate end of improving the Pennsylvania scheme for providing Workmen's Compensation benefits. We agree with the attorney for Adams on page 3 of his supplemental brief: "By rendering employers who are liable for compensation without regard to fault immune from third party actions and by permitting them to recoup compensation benefits paid when the negligence of a third party has been a proximate cause of an employee's injuries the General Assembly intended to provide more certainty in administration of the benefit fund and more stability to the fund. Elimination of third party actions against employers permits employers and their insurers to better estimate compensation costs. It also prevents the uncertain drain on the benefit fund caused by employer contribution costs and legal defense expenses that had resulted from third party actions in the past."

It was certainly true that prior to the passage of the 1974 Amendment, employers were constantly being brought in as additional or third party defendants in actions brought by their employees against third parties for negligently injuring them. Notwithstanding the fact that the liability of the employer was limited to the amount of Workmen's Compensation benefits, nevertheless they were constantly required to defend such actions and the effect which it had upon their liability was uncertain.

With respect to the alleged violation of Article I, Section 11 of the Pennsylvania Constitution by this legislation it is noted that this question was not squarely discussed in *Hefferin v. Stempkowski*, Pa.Super., 372 A.2d 869 (1977) allocatur by Supreme Court denied June 27, 1977. Nevertheless that case clearly held that in the light of the enactment of Section 481(b) an employer may not longer be joined as an additional defendant in an action brought by the plaintiff employee against a third party.

Article I, Section 11 of the Bill of Rights of the Pennsylvania Constitution provides:

> "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

What Pullman is asking us to say in this case is that notwithstanding the clear language of *Hefferin v. Stempkowski*, supra, by the Superior Court whose decision was left untouched by the Pennsylvania Supreme Court, nevertheless these courts overlooked the unconstitutionality of this legislation. This court, a federal district

court, is not inclined to make such a holding, particularly since we have determined there is no violation of the Federal Constitution. Any such holding as to violation of Article 1 of the Pennsylvania Constitution must more appropriately be left to action of the Pennsylvania Appellate courts who are the ultimate guardians of the state's constitution. Suffice it to say, however, that many of the constitutional arguments advanced by Pullman have been answered by the no fault decision of the Pennsylvania in *Singer v. Sheppard*, supra. It is pointed out that Workmen's Compensation came into Pennsylvania law as a result of a Constitutional Amendment adopted by the people of the Commonwealth in 1915 so as to avoid any question of constitutionality of Workmen's Compensation Act vis a vis other statutory or common law remedies. The Supreme Court pointed out:

"Any conclusion that an individual has a vested right in the continued existence of an immutable body of negligence law would necessitate the invalidation of the No Fault Act as a violation of Article I, Section 11, and the due process clause of the Fourteenth Amendment to the Federal Constitution.

"However, the practical result of such a conclusion would be the stagnation of the law in the face of changing societal conditions. In 1876, in *Munn v. Illinois*, 94 U.S. 113, 24 L.Ed. 77, the United States Supreme Court recognized that due process was not violated when legislative action modified the common law. The Court ruled:

'A person has no property, no vested interest, in any rule of common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of property which have been created by the common law cannot be taken away without due process; *but the law itself, as a rule of conduct, may be changed at the will, or even at the whim, of the legislature, unless prevented by constitutional limitations. Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and*

*to adapt it to changes of time and circumstances.'* "

Mr. Justice Nix concurring more succinctly said 346 A.2d at page 912:

"The law is clear that the General Assembly has the power to abolish common law causes of action. *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955); *Jackman v. Rosenbaum Co.*, 263 Pa. 158, 106 A. 238 (1919). It is also beyond question that a legislature can create new causes of action. While recognizing these powers, the dissenters implicitly suggest that where they are exercised simultaneously and the new remedy provides less coverage than the former, Article III, Section 18 of the Constitution is necessarily violated. With this assumption, I cannot agree."

We cannot agree with Pullman's interpretation of 481(b) as applying only to active fault versus passive fault. The only test is whether the injury or death is caused by a third party. The Pennsylvania Superior Court has held that this legislation requires that no action be allowed to exist against the employer. The court went on to explain the basis for this legislation for the 1974 Amendment as follows:

"This culminated on December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third party actions. To accomplish this, the Legislature adopted the language in Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq., where the employer is granted total immunity from third-party actions and is also subrogated to the full extent of its workmen's compensation lien. This becomes a statutory right, and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions. The Federal case law is lengthy and affirms the language of Section 5, and it is with this thought in mind that the Pennsylvania Legislature adopted the present Section 303 language which reads as follows:

\*  \*  \*  \*  \*  \*

"Federal cases are legion on this matter. The Supreme Court has made it clear that the purpose of the above section of the Act was to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence. *Mahnich v. Southern Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *Ryan Stevedoring Co., Inc. v. Pan Atlantic Co.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); *American Mutual Liability Co. v. Matthews*, 182 F.2d 322 (2d Cir. 1950).

\* \* \* \* \* \*

"By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not a supplement to, common law tort actions.

"Clearly the amendment grants the employer-appellant immunity from suit and bars its joinder as an additional defendant in this action. The employer's right to subrogation remain unchanged."

The Middle District has also arrived at the same conclusion that this legislation mandates denial of the joinder of the employer as a third party defendant. *Robinson v. Fulghum Industries, Inc.*, 431 F.Supp. 315 (M.D.Pa.1977) (Judge Muir).

In light of these circumstances, we are not disposed to torture this new legislation into a restriction which is not written into the act in plain opposition to the language adopted by the Pennsylvania Superior Court as to which allocatur was denied by the Supreme Court.

With respect to the equitable credit argument presented by the defendant Pullman, as we understand it is claimed that notwithstanding Section 481(b) and 77 P.S. 671 as to subrogation, the defendant Pullman may claim an equitable credit for the amount of compensation benefits paid by Adams Steel, plaintiff's employer, in the event of recovery in negligence against Pullman. The purpose of this equitable credit would be to prevent double recovery by the employee.

The court holds that this can better be left to post judgment proceedings in the event plaintiff recovers a judgment against Pullman. At that time, the court can determine if the amount of compensation payments should be allowed as a credit against the judgment to prevent double recovery or whether these compensation payments should be treated as collateral source payments and hence irrelevant as far as Pullman is concerned. We may never reach this question in the event there is no recovery by plaintiff Adamik against defendant Pullman.

For the above reasons, the motion for judgment on the pleadings will be granted.