390 A.2d 271

**Robert T. ARNOLD and Barbara A. Arnold, his wife,**

v.

**William J. BORBONUS, Catherine C. Borbonus, Texas Eastern Transmission Corporation, a Delaware Corporation,**

v.

**William RAMALEY, trading and doing business as Ramaley Brothers, and Michael Bove, t/d/b/a Bove Engineering Company.**

**Appeal of TEXAS EASTERN TRANSMISSION CORPORATION.**

Superior Court of Pennsylvania.

Argued April 12, 1978.

Decided July 12, 1978.

intimate no opinion as to the availability of such relief in the instant case. Cf. footnote 5, supra.

John David Rhodes, Pittsburgh, with him Thomson, Rhodes & Grigsby, Pittsburgh, for appellant, Texas Eastern Transmission Corp.

Rabe F. Marsh, III, Greensburg, with him B. Patrick Costello, Greensburg, for appellee, William Ramaley, t/d/b/a Ramaley Brothers.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in sustaining appellee's preliminary objections in the nature of a demurrer to its third party complaint. We affirm.

On October 29, 1976, plaintiffs filed a complaint in trespass in the Westmoreland County Court of Common Pleas to recover for injuries suffered and damages incurred in an employment related accident. In the complaint, plaintiff, Robert Arnold, averred that on February 16, 1976, as an employee of appellee, Ramaley Brothers, he was performing excavation work on land owned and developed by defendants, Catherine and William Borbonus. While excavating a

foundation for a house, plaintiff's heavy equipment struck and punctured a subterranean pipeline containing liquid propane under high pressure and low temperature. The pipeline was owned by defendant-appellant, Texas Eastern Transmission Corporation. The puncture caused an explosion the force of which threw plaintiff from his machine and caused severe injuries.[1]

Appellant joined appellee as an additional defendant.[2] According to the third party complaint, appellee, plaintiff's employer, was negligent in failing to ascertain the exact location of the pipeline before the commencement of the excavation work. Consequently, appellant asserted that if and to the extent that it may be adjudged liable to plaintiffs, the court should give appellant credit in an amount equal to the total of workmen's compensation benefits paid by appellee pursuant to the Pennsylvania Workmen's Compensation Act.[3]

Appellee filed preliminary objections in the nature of a demurrer in which it stated that § 303(b) of the Workmen's Compensation Act[4] barred appellant's third party complaint. On October 4, 1977, the lower court sustained appellee's

1. In Count II of the complaint, Barbara Arnold, a co-plaintiff, averred that as the result of the injuries to her husband, she had been "deprived" of [his] support, services, assistance and companionship."

2. Further, defendants, William and Barbara Borbonus, joined Michael Bove, d/b/a Bove Engineering Company, as an additional defendant. According to the third party complaint, William Borbonus engaged Bove to prepare plans and drawings which would indicate the location of the underground pipeline owned by appellant. The Borbonuses also alleged that Bove's negligent misrepresentation of the location of the pipeline was the cause of plaintiff's injuries. Consequently, the Borbonuses averred that Bove was either solely liable to the plaintiffs, liable over to the Borbonuses for all sums recovered from them by the plaintiffs, or jointly liable with the Borbonuses who would be entitled to indemnity and/or contribution in the amount recovered by the plaintiffs.

3. Act of June 2, 1915, P.L. 736, art. 1, § 101 et seq., as amended; 77 P.S. § 101, et seq.

4. The Workmen's Compensation Act, supra; 77 P.S. § 481(b).

preliminary objections and dismissed appellee from the action. The court predicated its order on the 1974 amendments to § 303(b) of the Workmen's Compensation Act which, according to the court, granted the "employer immunity from suit and bar[red] its joinder as an Additional Defendant in this action." This appeal followed.

Appellant contends that § 303(b) of the Workmen's Compensation Act does not bar the joinder of the plaintiff's employer as an additional defendant. Specifically, appellant contends that joinder of the employer is not barred to determine the employer's entitlement to subrogation to the rights of the employee against a third party.[5] Section 303(b), as amended in 1974, provides:

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." In *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), our Court considered and rejected the identical contention. After reviewing the legislative history of the 1974 amendment to § 303(b), we concluded that "the intention of the [1974] amendments to Section 303 was to grant the employer total immunity from third-party action . . . . By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not

---

5. *See* The Workmen's Compensation Act, supra; 77 P.S. § 671. *Chamberlain v. Carborundum Co.*, 485 F.2d 31 (3d Cir., 1973); *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 162 A.2d 9 (1960).

a supplement to, common law tort actions." supra, 247 Pa.Super. at 368, 372 A.2d at 871.[6]

In his Concurring Opinion in *Hefferin*, Judge VAN der VOORT addressed appellant's specific contention that joinder of the employer is not barred by § 303(b) if the joinder is intended to adjudicate the employer's subrogation rights:

"The amending Act creates many questions which it ignores, the most obvious of which questions are as follows:

"In the event judgment goes against the third party defendant, does he have a right of set-off or recoupment for the amount of compensation paid or to be paid to the injured plaintiff? . . .

"Does the employer have a right of subrogation against the third party, and if so, how is this to be determined? Since the employer can no longer be joined under the provisions of the Act, not only questions of procedure will arise, but also questions of collateral estoppel. Despite the shortcomings, I believe it is the intention of the Legislature to preclude the joining of the employer by an alleged third party tortfeasor." supra at 370, 372 A.2d at 872.

We agree that the 1974 amendment to § 303(b) manifests a broad legislative intent to bar the joinder of an employer as an additional defendant.[7] Therefore, we conclude that the lower court properly sustained appellee's preliminary objections.

Order affirmed.

SPAETH, J., files a concurring and dissenting opinion.

PRICE, Judge, dissenting:

See his Dissenting Opinion in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). He also wishes to

---

6. The scope of § 303(b) also forecloses appellant's reliance upon Pa.R.C.P. 2252(b) as authorization for the joinder of appellee as an additional defendant.

7. We add, as we did in *Hefferin*, that the foregoing statutory preclusion does not alter the employer's right to subrogation in an appropriate case and forum.

note that in many respects he concurs in the comments made by Judge SPAETH in his Concurring and Dissenting Opinion. He certainly agrees that reargument would be a highly desirable result so that the court may weigh, based on new briefs, the problems posed by Judge SPAETH.

SPAETH, Judge, concurring and dissenting:

In *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), *allocatur refused*, this court held that a recent amendment to the Workmen's Compensation Act, Act of Dec. 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b), prevented an employer from being joined as additional defendant in a suit by its employee against a third party. In his concurring opinion Judge VAN der VOORT noted that this decision left a number of questions unanswered, among them:

> In the event judgment goes against the third party defendant, does he have a right of set-off or recoupment for the amount of compensation paid or to be paid to the injured plaintiff?

247 Pa.Super. at 370, 372 A.2d at 872.

The present case raises exactly this question. It is not strictly accurate to say, as the majority opinion does, that in *Hefferin* "our Court considered and rejected the identical contention," Majority Opinion at 272, for in *Hefferin* the question was simply whether the employer could be joined as an additional defendant for whatever purpose. (It is true that the result sought by the appellants in both cases—a judgment reduced by the amount of workmen's compensation—might be the same.) Whether or not the cases are identical, however, the result in *Hefferin* was simply announced, not explained.[1]

As I have thought more about Judge VAN der VOORT's question, I have concluded that we should try to explain our result in *Hefferin*, that is, say why it is a sensible result, and one that the Legislature evidently intended. At the moment

1. Since we cannot know the Supreme Court's reasons for denying allocatur in *Hefferin* no significance may be read into its action.

I am unable to offer such an explanation. I shall try to explain this inability by asking the reader to consider three hypothetical cases.

*Case No. 1:* An employee is injured at the worksite. The employer is not at fault; the fault is totally that of a third party tortfeasor. In this case, *Hefferin* works no injustice. The employee may sue the third party and get a full recovery. In the meantime he may have received workmen's compensation payments from the employer, but the employer will be subrogated to the employee's rights up to the amount of the compensation payments, and therefore will be able to recoup the payments out of the judgment against the third party tortfeasor. *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 416, 162 A.2d 9, 12 (1960); Workmen's Compensation Act, *supra*, 77 P.S. § 671. (*Hefferin* specifically holds that § 481(b) did not change the employer's right of subrogation.) This result is just, because the party who caused the injury bears the full burden; the employee is "made whole," but does not recover more than what he requires to be made whole; and the employer, innocent of negligence, in the end pays nothing.

*Case No. 2:* The same worksite injury, but this time the employer is totally at fault. Again, *Hefferin* works no injustice. The employee receives workmen's compensation payments from the employer. If the employee sues the third party, the third party will be found not liable. (This is the ideal outcome; I shall discuss the less ideal outcome in footnote 3, *infra*.) Thus, the third party, innocent of negligence, pays nothing; the employee is made whole to the extent that the Workmen's Compensation Act allows; and to the same extent the party who caused the injury, the employer, will pay. (The amount the employer pays may not be enough to make the employee whole, but the "bargain" of the Workmen's Compensation Act is that the employee, in return for getting an assured recovery of some sort, regardless of fault, is limited to a maximum recovery, while the employer, in return for being assured of only having to pay a certain limited amount, must pay that

amount regardless of fault. *See Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839 (1956).)

*Case No. 3:* The same worksite injury, but the employer and third party are equally negligent.[2] Here, it seems to me, *Hefferin* does work injustice.

Under prior practice, if the employee received workmen's compensation payments and then sued the third party in negligence, the third party could join the employer as an additional defendant to protect his right of contribution. By shifting some of the burden to the employer, the third party reduced his own judgment accordingly. If found liable, however, the employer would be liable only to the amount of workmen's compensation, and if the compensation were already paid, the judgment would as to the employer be considered satisfied. *Elston v. Industrial Lift Truck Co.*, 420 Pa. 97, 216 A.2d 318 (1966); *Brown Equipment Rental Corp. v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). Since the employer had been found liable, he could not recover his workmen's compensation payments out of the judgment against the third party tortfeasor. *See Stark v. Posh Construction Co., supra.*

Since *Hefferin,* however, the employer may not be joined as an additional defendant. The result is that one of two equally negligent tortfeasors—the third party—bears the entire burden of the judgment. Since the employer is not—cannot be—a party to the suit, the third party cannot get contribution from the employer commensurate with the employer's fault. The employee, on the other hand, may have the opportunity to recover twice: once by the full judgment against the third party, and once through workmen's compensation; for if the employer comes against the employee for subrogation, the employee may defend on the ground that the employer was at fault and is thus disabled from getting reimbursed through subrogation. If the employee fails, or is not permitted to prove the employer's

2. I have characterized the negligence as "equal" for the sake of simplicity. Obviously, the fault might be more that of one or the other party, in any proportion.

fault, the employer will recoup the workmen's compensation payments and thus in the end pay nothing—despite having been at fault. Either outcome—a double recovery for the employee, or a negligent employer who pays nothing—represents an injustice; additionally, the third party is forced to bear the full burden of the judgment when he was only partially at fault.[3] As one commentator, Donald J. Farage, Esquire, has remarked:

> Surely, this must be the only area of the law wherein a culpable defendant not only is immune from suit [as in the sovereign immunity situation] but also has the affirmative right via the vehicle of subrogation to be made whole for loss suffered as a result of his own fault.

Pennsylvania Bar Institute, *1978 Semi-annual Survey of Significant Developments in the Law* 702 (Spring, 1978).

I find it almost impossible to believe that the Legislature could have intended such a result.[4] Yet the language of

**3.** In Case No. 2, where the third party is innocent of negligence but is sued nonetheless, it is possible that the third party will refute the allegation of negligence without having the employer, the real tortfeasor, in court as an additional defendant. However, in this case *Hefferin* still prevents the third party from offering the jury the *real* negligent party in person, thereby creating the risk that the jury will find against the third party more as a matter of sympathy for the employee than as a matter of evidence.

**4.** As an alternative, appellant here asks that he be allowed to join the employer only for the purpose of establishing that the employer was at fault and therefore has no right of subrogation; this established, appellant would then argue that he should get a credit against his judgment for the amount that the employee got from workmen's compensation, which the employer cannot now recover from the employee.

Another (more sensible?) result, which would both comport with the purposes of the Workmen's Compensation Act and allocate the liability fairly, would be this: where the employer and a third party are equally negligent, the third party pays only his half of the judgment and the employer pays up to the compensation maximum in fulfillment of his half of the judgment. Thus, no one bears more than his fair share of the liability judgment; to the extent that the employer bears *less* than his share, and the employee thereby gets less than his due, this is what the Act contemplated in the "bargain" between the employee and employer, the one getting an assured recovery, the other getting a fixed limit on liability. It is unjust to make the third party fill the gap between what the employee gets and

§ 481(b) is difficult to interpret otherwise, as Judge VAN der VOORT observed in his concurring opinion in *Hefferin.* Judge PRICE's dissents in *Hefferin* and in the present case offer an appealing alternative, but one that cannot be reached except in the teeth of § 481(b)—or so at least it seems to me.

In these circumstances I believe that the very least we should do is to urge the Legislature to reconsider § 481(b). I also believe, however, that we should do more than that, which is why I have entitled this opinion a concurring and dissenting opinion. Rather than decide the case now, we should set it down for reargument with instructions to counsel to address the problem of the injustice that § 481(b) works, if *Hefferin* stands. It may be that an issue of constitutional dimensions is involved, and I should expect counsel to consider that.[5]

Two United States District Courts have indeed considered the constitutionality of § 481(b), and have upheld it. In

what he needs to be made whole, for the third party was not part of the bargain; he gained nothing from it.

5. In referring to the possible existence of an issue of constitutional dimensions, I am aware of the Supreme Court's admonition in *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), that we are not to consider constitutional issues *sua sponte.* The danger of such consideration, however, is that a decision will be made without the benefit of arguments for and against constitutionality having been submitted by the parties, who are the one most concerned with the outcome. This danger would be avoided by the procedure I propose. I submit that it is demeaning to a court to decide a case of great public importance, like this one, in which the court believes a constitutional issue may be involved, as though no constitutional issue were involved, simply because at the first argument the constitutional issue was not raised.

Indeed, in *Adamik v. Pullman Standard*, 439 F.Supp. 784 (W.D.Pa. 1977), the appellant argued that because the constitutionality of § 481(b) under the Pennsylvania constitution was not discussed in *Hefferin*, it was still an open question. It was in a tone of incredulity that the District Court said:

What [appellant] is asking us to say in this case is that notwithstanding the clear language of *Hefferin v. Stempkowski, supra*, by the Superior Court whose decision was left untouched by the Pennsylvania Supreme Court, nevertheless these courts overlooked the unconstitutionality of this legislation.
439 F.Supp. at 786.

*Adamik v. Pullman Standard*, 439 F.Supp. 784 (W.D.Pa. 1977), the court upheld § 481(b) against a challenge based on federal equal protection; the court did not specifically decide the constitutionality under art. I, sect. 11, of the Pennsylvania Constitution, noting instead that such a decision was more appropriately left to the appellate courts of this state. However, the court indicated that *Singer v. Sheppard*, 464 Pa. 387, 346 A.2d 897 (1975), under which the no-fault automobile insurance law was held constitutional, supported constitutionality. (Incidentally, the court did not reach an argument, like appellant's, for a credit against the judgment.) In *Albrecht v. Pneuco Machinery Co.*, 448 F.Supp. 851 (E.D.Pa.1978), the court found that § 481(b) did not violate the fourteenth amendment's equal protection and due process clauses.

Whether we should reach the same result is, of course, an open question. In addition, these cases centered mainly on the propriety of the Legislature's desire to protect the employer from liability to third parties, but they did not discuss the propriety of assessing the full cost of this public policy decision against the third party, who is forced to pay for the negligence of another. (It is undisputed that, whatever the procedure, the employer's maximum liability should be the workmen's compensation maximum.)

Finally, if reargument is ordered, I should hope that *amici curiae* would file briefs.