## Flack v. Calabrace

*Pershing, Mears, Smith and King,* for defendant.
*Meyer, Darragh, Buckler, Bebenek and Eck,* for additional defendants.

KEIM, *P.J.,* August 28, 1980—This matter comes before the court en banc upon a motion for summary judgment filed by additional defendants herein.

## I. HISTORY

The above captioned action arose out of an automobile accident which occurred on or about June 12, 1978, at or about 11:00 a.m., on U.S. Route 30 at the intersection of Walnut Street in the Borough of Ligonier, Westmoreland County, Pa. An ambulance owned by additional defendant Laurel Highlands Invalid Transport, Inc., and being operated by additional defendant Charlotte A. Lewis, an employe of Laurel Highlands Invalid Transport, collided with a 1978 Ford Fairmont owned and operated by original defendant Katherine Calabrace. Plaintiff Beverly Flack, an employe of additional defendant Laurel Highlands Invalid Transport, was a passenger in the aforesaid ambulance at the time of the collision.

Plaintiff Beverly Flack allegedly sustained injuries in the aforesaid collision for which she instituted the instant action to recover damages.

## II. DISCUSSION

The original defendant in its brief in opposition to the motion for summary judgment makes three arguments which the court feels should be considered.

The first argument proffered by the original defendant centers around the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, specifically section 303, 77 P.S. §481(b). The original defendant argues that the aforementioned section of the Workmen's Compensation Act is unconstitutional insofar as it leaves third party defendants with no opportunity to secure a contractual right of contribution in situations involving the Workmen's Compensation Act.

The Superior Court of Pennsylvania has held that the Pennsylvania Workmen's Compensation Act grants the employer immunity from suit and bars its joinder as an additional defendant where an employe sues the third party for injuries sustained in the course and scope of his employment. In both Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), and Arnold v. Borbonus, 257 Pa. Superior Ct. 110, 390 A. 2d 271 (1978), the Superior Court held that the legislative history of the act, specifically the amendment of December 5, 1974, P.L. 782, to section 303, 77 P.S. §481(b), grants the employer total immunity from third party actions.

It is therefore the opinion of this court that this decision has already been made by our appellate courts, and therefore the court does not feel that it is proper to explore this argument any further.

The original defendant's second argument is that under the Pennsylvania Workmen's Compensation Act, a party may plead itself beyond the terms of the act, and in effect, set forth the argument that plaintiff in the instant case and co-employe driver were not within the course of their employment at the time of the accident. It is, defendant argues, a question of law for the court to decide upon the merits of each particular case.

The court once again cannot agree with this position for the reason that the facts in the instant case clearly demonstrate that the parties involved were in the course of their employment as a matter of law when the accident occurred.

The final question for this court's consideration is apparently one of first impression. That question is—in an accident in which recovery is governed by comparative negligence, should not the original

defendant be permitted to join the employer and co-employe in order to have the comparative negligence of the parties accurately determined and better effectuate the purpose of the comparative negligence act?

Comparative negligence replaced contributory negligence as a theory of recovery in Pennsylvania personal injury, property damage, and death actions on September 7, 1976. To date, no cases have been reported on the constitutionality of not permitting joinder of an employer covered by the Workmen's Compensation Act as an additional defendant by a third party tortfeasor under comparative negligence in order to determine the comparative negligence of the parties.

The comparative negligence act, 42 Pa.C.S.A. §7102(a), provides:

"In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff."

The language of the act, "defendant or defendants against whom recovery is sought," seems to indicate that comparative negligence will be applicable only to named parties. The Wisconsin comparative negligence act, which served as a model for the Pennsylvania act, permits a comparison of the negligence absent tortfeasors: Walker v. Kroger Groc-

ery & Baking Company, 214 Wis. 519, 534, 252 N.W. 721 (1934). It should be noted, however, that the Wisconsin act refers to the "person against whom recovery is sought". Interpreted literally it could be argued that the Pennsylvania act by referring to "defendant or defendants" instead of "person" is distinguishable from the Wisconsin statute. If such a distinction is accepted, failure to permit joinder of an additional defendant, even though immune under the Workmen's Compensation Act, would subvert the intent of the Pennsylvania comparative neglignce act, namely to allocate responsibility for monetary damages in accordance with the comparative degrees of negligence that combine to cause an accident. Therefore, it would seem that even if a party could not be joined as additional defendant under prior law because of the Workmen's Compensation Act, the enactment of the Pennsylvania comparative negligence statute would now dictate a different result. Given the plain meaning of the words "defendant or defendants against whom recovery is sought" in the Pennsylvania act, it is apparent that the employer and/or co-employe is a necessary party to the action if the original defendant is to have an accurate determination of his comparative negligence.

It is therefore the opinion of this court that the original defendant must be afforded the opportunity to join an employer and/or co-employe as additional defendants in a negligence action in order to obtain an accurate determination of the comparative negligence of responsible parties. The only way to do so in this case would be to permit the joinder of additional defendants and to deny the motion for summary judgment as filed by additional defendants.

## ORDER

And now, August 28, 1980, upon due and careful consideration of the motion for summary judgment filed, and the briefs filed in opposition and support thereof, it is hereby ordered, adjudged and decreed that said motion for summary judgment be and is hereby denied.