## Conklin v. Pennsylvania Power & Light Co.

*Harry W. Reed, Jr.,* for plaintiff.
*Thomas A. Ehrgood, Robert G. Kelly, Jr.,* and
*Frederick S. Wolfson,* for defendants.

GATES, *P.J.,* November 4, 1980—The matter

presently before us is on the preliminary objections of plaintiff to the amended answer and new matter of defendant Harnischfeger Corporation and the preliminary objections of plaintiff to defendant Pennsylvania Power and Light Company's answer and new matter.

This case has a long history. Pearl Conklin as administratrix of the estates of her husband Harold and her son Gary brought a wrongful death action against defendants. Both her husband and son died from electrocution on September 7, 1978 when they were working for their employer, the additional defendant, Johnston Construction Company, at a sewage treatment plant near Morgantown, Berks County, Pa.

At the time of the accident the Conklins were assisting a crane operator, Mark S. Brandt, also an additional defendant, attempting to lift a sewer pipe into a manhole. At the time of the accident, Johnston Construction Company employes John P. Callaghan and Charles L. Zitnick, both additional defendants, were likewise assisting in positioning and installing the sewer pipe. The work was being performed in the vicinity of a 12 KV electrical transmission line which had been installed by the Pennsylvania Power and Light Company under the direction of Spotts, Stevens and McCoy, Inc., the engineer and a defendant in this case. The employes of the construction company were installing the pipe with the aid of a 25 ton truck crane manufactured by Harnischfeger Corporation, another defendant. The truck had a 110 foot boom crane which came in contact with one of the three transmission lines containing 7,200 volts of electrical charge. As a result of the contact, the Conklins died of electrocution.

As a result of our prior action sustaining a demurrer, plaintiff filed an amended complaint. Defendant PP&L thereafter filed an answer containing new matter. The answer and new matter asserts liability of Johnston Construction Company and the estates of both decedents under Pa.R.C.P. 2252(d) for the limited purpose of allowing the factfinder to assess the percentage of fault, if any, attributable to the estate of Gary Lee Conklin, the estate of Harold Conklin, and the Johnston Construction Company under Pennsylvania's new comparative negligence statute in the event any award was made in favor of plaintiff and against defendant, PP&L.

Defendant Harnischfeger also filed an answer and new matter seeking to join as additional defendant plaintiff's decedents and their employer as well as fellow employes.

Plaintiff has filed preliminary objections in the nature of a demurrer to both PP&L's and Harnischfeger's new matter which, in effect, seeks to join the estate of plaintiff's decedents as well as the Johnston Construction Company and fellow employes for the limited purpose of allowing the factfinder to determine the percentage of fault, if any, attributable to them under the provisions of the Pennsylvania comparative negligence act, 42 Pa.C.S.A. §7102.

The thrust of plaintiff's demurrer is based on the contention that immunity is granted to both a plaintiff's employer and fellow employes, and, of course, by necessary implication, to the plaintiff's decedents themselves by The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended December 5, 1974, P.L. 782, section 1 as to fellow employes and section 6 as to employers, 77 P.S. §§72, 481.

On May 13, 1980 in the case of Yeagley v. Metropolitan Edison Company, 16 D. & C. 3d 681 (1980), we held that a third party defendant may join as additional defendant the plaintiff's employer and fellow employe in a trespass action by an employe against a third person for the limited purpose of determining the percentage of pro rata causal negligence among the parties. In brief, our rationale in Yeagley was that the Workmen's Compensation Act and the Pennsylvania comparative negligence act can be read in harmony so as to allow the joinder of the plaintiff's employer and fellow employe for this limited purpose.

We acknowledged that in both Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), and Arnold v. Borbonus, 257 Pa. Superior Ct. 110, 390 A. 2d 271 (1978), the Superior Court held that the legislative history of the act would indicate an intention to grant the employer total immunity from third party action. We noted that the facts in both Hefferin v. Stempkowski, supra, and Arnold v. Borbonus, supra, preceded the effective date and adoption of Pennsylvania's comparative negligence act. Comparative negligence replaced contributory negligence as a theory of recovery in Pennsylvania personal injury, property damage and death actions on September 7, 1976. Inasmuch as the Workmen's Compensation Act does not expressly prevent joinder of the employer-employe but merely prevents third party recovery by way of contribution from them, we found no impediment to their joinder for the limited purpose of apportioning causal negligence.

We were and are of the opinion that the failure to permit joinder of an additional defendant, even though immune from recovery or contribution under the Workmen's Compensation Act, would

subvert the intent of the Pennsylvania comparative negligence act, namely, to allocate the responsibility for monetary damages in accordance with the comparative degrees of negligence that combine to cause an accident or death. Therefore, the original defendant must be afforded the opportunity to join an employer and/or employe as additional defendants in a negligence action in order to obtain an accurate determination of the comparative negligence of responsible parties.

Although our decision in Yeagley v. Met. Ed. was decided on May 13, 1980, it did not filter westward to Westmoreland County for, on August 28, 1980, in Flack v. Calabrace, 15 D.&C. 3d 765 (1980), the late President Judge Earl S. Keim, writing for the court en banc, arrived at the same conclusion. Judge Keim noted that the issue was "apparently one of first impressions" in the Commonwealth. Nonetheless, by a slightly different analysis than employed by us, he arrived at the conclusion that an original defendant must be afforded the opportunity to join an employer and/or employe as an additional defendant in a negligence action in order to obtain an accurate determination of the comparative negligence of the various parties.

Next, we turn to plaintiff's motion to strike Paragraphs 189 and 203 of defendants' new matter. There is no merit to the objection because plaintiff ignores the preceding Paragraphs 186, 187 and 188 which set forth with sufficient particularity the claim in negligence of plaintiff's decedent. Likewise, Paragraph 203 incorporates the preceding Paragraphs 186, 187 and 188.

Finally, plaintiff complains defendants' answer and new matter do not set forth allegations clearly enabling plaintiff to prepare its defense. Again, plaintiff overlooks the incorporation of Paragraphs

186, 187 and 188 of the new matter wherein the conduct of plaintiff's decedents alleged to be negligent is clearly spelled out. Consequently, we shall dismiss plaintiff's preliminary objections.

## ORDER

And now, November 4, 1980, plaintiff's preliminary objections to the answer and new matter of Pennsylvania Power & Light Company and to the amended new matter of defendant Harnischfeger are dismissed with leave to reply thereto within 30 days from the date of this order.