James W. JONES, Plaintiff,

v.

The CARBORUNDUM COMPANY, a corporation, and Ingersoll-Rand Co., a corporation, Defendants.

Civ. A. No. 80–538.

United States District Court, W. D. Pennsylvania.

June 3, 1981.

John J. Morgan, Pittsburgh, Pa., for plaintiff.

John M. Baginski, Wayman, Irvin, McAuley, Pittsburgh, Pa., for Ingersoll Rand Co.

John Kunz, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Carborundum Co.

## OPINION

DUMBAULD, District Judge.

Plaintiff James W. Jones, an employee of Westinghouse Air Brake Company (hereinafter called WABCO), was injured in the course of his employment when a grinding wheel manufactured by defendant Carborundum Company shattered and disintegrated while he was polishing a brake shoe with a portable grinding machine manufactured by defendant Ingersoll-Rand Company.

Plaintiff sued both defendants in the Court of Common Pleas of Allegheny County, and the case was removed to this Court at the instance of defendant Carborundum. The Complaint, in six Counts, charges each defendant with (1) negligence; (2) supplying a defective and unreasonably dangerous article; thereby incurring strict liability under § 402–A of the Torts Restatement, which Pennsylvania law has adopted; and (3) breach of warranty under the Uniform Commercial Code for supplying an article not merchantable under the standards of the trade for the purpose for which it was to be used.

Carborundum's answer to the § 402–A allegations avers that if the grinding disc was defective or dangerous such "condition was created by an act or omission by the other defendant or others and/or by the misuse or misoperation of the grinding disc by plaintiff, plaintiff's employer and/or others."

There is no other allegation of negligence on the part of WABCO. However, in the motion now pending before us filed by Carborundum on March 31, 1981 (and joined in by Ingersoll-Rand on May 8, 1981) Carborundum asserts that WABCO "is solely responsible or in part responsible for the injuries to the plaintiff in that it was negligent in failing to require that all hand grinders used by its employees be equipped with wheel guards." From the oral arguments the Court has obtained the impression that Ingersoll-Rand contends that the grinding machine when sold to WABCO was equipped with a guard, which WABCO removed before furnishing the machine to employees for use. Among the alleged defects alleged by plaintiff against Ingersoll-Rand were listed design, manufacture, and distribution of the machine without a protective guard; and failure to equip the machine "with a non-removable guard or shield."

In its motion Carborundum further asserts that without a determination of WABCO's negligence WABCO by subrogation under 77 P.S. 671 "will be able to recoup its [workmen's] compensation payments out of any recovery" by plaintiff against defendants, thus resulting in unjust enrichment because of WABCO's negligence.

The question before us is whether WABCO, plaintiff's employer, should be joined as an involuntary party plaintiff in the pending action by plaintiff Jones against the manufacturers of the grinding wheel and grinding machine which he was using in the course of his employment at the time of the accident.

Resolution of the question depends upon the interpretation, application, and accommodation of several Pennsylvania statutes. In view of the lack of consensus with respect to the subject manifested in the pronouncements of various Pennsylvania courts and judges of this Court, we are constrained to utilize the "threefold imperative" which Judge Friendly ascribes to Professor (later Justice) Frankfurter: "(1) Read the statute; (2) read the statute; (3) read the statute." Henry J. Friendly, *Benchmarks* (1967) 202. With regard to procedure, we follow federal rules; with regard to substance Pennsylvania rules under *Erie* principles. [*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).] If the dominant intent of the legislature is reasonably plain, we must give it full effect, even if it seems unjust or is clumsily expressed, or even if it is slily and artfully formulated for the benefit of insurance carriers or other influential interests.

█ It is a basic principle of tort law that a person whose negligence causes detriment to another shall pay damages equivalent to the harm inflicted. However, in dealing with the industrial accidents incident to production, it has seemed desirable to compensate all workmen injured in the course of their employment, whether or not the injury is caused by negligence on the part of the employer. In return for the certainty of such compensation, the amount thereof is less than the usual verdict in a successful tort action [and the employee is precluded from suing his employer, 77 P.S. 481(a)]. As Judge Spaeth well explains in *Arnold v. Borbonus*, 257 Pa.Super. 110, 116, 390 A.2d 271 (1978), this exception to the general tort principle of liability based upon negligence is a bargain between employer and employee alone and does not bind third parties either for weal or woe.

█ Hence the practice has arisen for employees injured by the alleged negligence of third parties to bring suit against the third party under the general tort law, without regard to workmen's compensation legislation. In a meritorious case the workman may expect to receive an amount larger than his workmen's compensation.

█ However, it would be unjust to permit him to receive duplicate recovery for the same injury (as distinguished from a benefit from a collateral source, such as his individual health or disability or life insurance); and hence in case a verdict is won against a third-party tortfeasor the employer is entitled to reimbursement of the workmen's compensation payments arising as a result of the injury.

In Pennsylvania this situation is expressly governed by 77 P.S. 671, which provides:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of [the employee] against such third party to the extent of the compensation payable . . . by the employer. . .

█ Hence if the injury is caused "in part" by a third party, the employer is entitled to recoup in full the entire amount of compensation payable. This would be true if the third party's negligence was only 10%, and the employer's own negligence was 90%. But if the employer is 100% negligent, he loses the benefit of his right to subrogation. *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 413–17, 162 A.2d 9 (1960); *Grimm v. O. K. Keckley Co.*, 555 F.2d 123, 124 (C.A.3, 1977).

Another statutory provision *in pari materia*, perhaps the crucial language in the case

at bar, is § 303(b) of the Workmen's Compensation Act as revised in 1974, 77 P.S. 481(b), which provides:

> In the event injury . . . to an employee is *caused* by a third party, then such *employee . . . may bring [his] action at law* against such third party, *but the employer . . . shall not be liable* to a third party for damages, contribution, or indemnity in any action at law, *or otherwise,* [except by contract]. [Italics supplied]

Commenting upon this wording, we note first that this section speaks of injury "caused" by a third party (whereas 77 P.S. 671 spoke of injury caused "in whole or in part" by a third party). Perhaps this difference in wording is immaterial; but perhaps it restricts the employee's recovery to injuries for which the third party is 100% responsible. If then another co-defendant is partly responsible, or if the employer is partly responsible, perhaps the employee can not recover against the third party, and hence the employer can not exercise his right of subrogation.

Secondly, this provision reads as if it were procedural. It merely authorizes the employee to "bring [an] action at law" against the third party. It does not say "may recover" against the third party. But this distinction is probably pure sophistry; and Judge van der Voort is probably correct in concluding that this language is really intended by its own force *eo ipso* to create a rule of substantive law with respect to liability. *Hefferin v. Stempkowski,* 247 Pa. Super. 366, 370–71, 372 A.2d 869 (1977). Judge Price, dissenting, would seem to regard the question as procedural. *Ibid.,* at 372–73, 372 A.2d 869.

■ But one thing which is made crystal clear is that "the employer . . . shall not be liable" to a third party. This is plainly a rule of substantive tort law, not of procedure. It excludes all liability, whether for damages, contribution, or indemnity, and whether sought in a separate independent action at law or by joinder pursuant to current liberal rules of civil procedure in an action brought by the employee against the third party.

As the Pennsylvania courts have said, the 1974 statute, as a matter of substantive law, completely "obliterates" any form of recovery against the employer. *Bell v. Koppers Co.,* 481 Pa. 454, 458, 392 A.2d 1380 (1978). See also *Tsarnas v. J. & L. Steel Co.,* 488 Pa. 513, 518, 412 A.2d 1094 (1980).

■ Hence it would be futile to permit joinder procedurally when liability is non-existent as a matter of substantive law.

■ Moreover, as pointed out by Judge Wettick in *Getty v. Ajax Mfg. Corp.,* 129 Pgh.L.J. 54, 58 (1980) joinder for the purpose of determining the employer's comparative negligence would also be futile. For under the terms of the Pennsylvania comparative negligence act, 42 Pa.C.S. 7102(b), "The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery." Hence if the employer's negligence amounted to 90% and the third party's were only 10% the plaintiff would nevertheless collect his full damages from the third party. For the next sentence in § 7102(b), that "Any defendant who is so compelled to pay more than his percentage share may seek contribution," is defeated and made inapplicable against an employer by virtue of the peremptory terms of 77 P.S. 481(b). Since § 7102(b) is a general provision regarding contribution among tortfeasors it must yield to the more specific prohibition in § 481(b) preventing recovery of contribution *from an employer. Getty v. Ajax Mfg. Corp.,* 129 Pgh.L.J. 54, 57 (1981).

Furthermore, although the philosophy of comparative negligence would indicate inclusion of an employer's negligence in calculating the amounts to be paid by each tortfeasor, the specific wording of the Pennsylvania statute forbids such an interpretation, however logical it may seem *a priori.* The language is:

> When recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total amount awarded as damages in the ratio

of the amount of his causal negligence to the amount of causal negligence attributed to all defendants *against whom recovery is allowed.* [42 Pa.C.S.A. 7102(b), italics supplied].

Recovery is not "allowed" against an employer. 77 P.S. 481(b) expressly prohibits it. (The word "allowed" clearly means permitted by law, rather than "awarded" by the jury.)

This interpretation is supported by the wording of § 7102(a). It is there provided that a plaintiff's contributory negligence shall not bar recovery where his negligence "was not greater than the causal negligence of the defendant or defendants *against whom recovery is sought,* but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff."

The employer cannot be a defendant "against whom recovery is sought" by an employee, because 77 P.S. 481(a) specifically substitutes workmen's compensation benefits for common law tort liability. This was true long before the 1974 amendment to § 481(b). It is the basic bargain or trade-off which underlies the philosophy of workmen's compensation laws. This is well explained by Judge Price in *Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 424–27, 332 A.2d 544 (1974), and by Judge Spaeth in *Arnold v. Borbonus,* 257 Pa.Super. 110, 116–17, 390 A.2d 271 (1978).

Judge Spaeth also cogently points out (*ibid.,* 117–19, 390 A.2d 271) that the consequences flowing from the Pennsylvania legislation as enacted clearly produce injustice in certain cases. He urges "the Legislature to reconsider § 481(b)."

A possible policy consideration which may have been contemplated by the legislature in support of the provisions adopted, as pointed out by Judge Knox in *Adamik v. Pullman Standard,* 439 F.Supp. 784, 786 (W.D.Pa.1977), is the facilitation of cost computations by employers and their insurance carriers.

Accordingly, any discretion entrusted to a federal court under the federal rules should be exercised in favor of eliminating employers as parties to litigation, in order to effectuate the supposed legislative policy of reducing employers' litigation expenses so as to promote stability and predictability in connection with the costs incident to accident liabilities.

The policy reasons for exempting the employer from the burden and expense of trial, as well as from legal liability, are similar to those supporting judicial and prosecutorial immunity for official acts. *Barr v. Matteo,* 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434 (1959), citing the familiar language of Judge Learned Hand in *Gregoire v. Biddle,* 177 F.2d 579, 581 (C.A.2, 1949).

The non-employer defendants remain free to prove that they were not negligent, and that the employer was solely negligent. They lose only the procedural advantage of discovery against the employer as a party litigant. See also note 3 in Judge Spaeth's opinion in *Arnold v. Borbonus, supra,* 257 Pa.Super. at 118, 390 A.2d 271.

For the foregoing reasons, the motion to join WABCO as an involuntary plaintiff is denied.